

### The Office of Compliance and Internal Audit

November 20, 2025

The Honorable Henry Edward Autrey
Chief Judge, United States District Court for the Eastern District of Missouri
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street
St. Louis, MO 63102

**Re: *United States v. Grajales-Reyes (4:25-cr-00451)***

Dear Judge Autrey,

We appreciate the opportunity to be able to share information related to the impact of the crimes committed by Dr. Gary Grajales-Reyes on Washington University in St. Louis.

Washington University consists of numerous schools and departments devoted to supporting the University's missions of teaching, research, scholarship and service. The University has many administrative offices that support those academic efforts and the experience of its faculty and students. For many months, Dr. Grajales-Reyes' misconduct diverted the time and attention of multiple offices away from their mission-serving efforts. The discovery, investigation and aftermath of his crimes have placed significant burdens on, for example, the Office of Compliance and Internal Audit, the School of Medicine Protective Services, the Office of Research Integrity and Ethics, the Office of Sponsored Projects Accounting, the Insurance and Risk Management office, and the Office of the Vice Chancellor & General Counsel. Each of these units has been required to devote significant amounts of time to addressing Dr. Grajales-Reyes' crimes, to the detriment of other mission-related needs of the University.

In carrying out his duties, Dr. Grajales-Reyes was expected to adhere to University policies, demonstrate ethical and responsible conduct, and uphold his fiduciary duty to manage institutional resources judiciously. Instead, he embezzled more than $400,000 of University research funds, which resulted in significant financial harm and compelled the University to dedicate substantial time and resources to investigating his misconduct. For example, the Office of Compliance and Internal Audit alone was required to devote more than 500 hours to investigate, reconstruct, validate, and document the full extent of his misconduct and the resulting financial loss. This work diverted attention away from regularly scheduled work and delayed risk-focused projects planned for other high-priority areas. The operational burden was significant and extended well beyond the immediate financial impact.

Among other things, multiple University offices devoted significant time and effort to confirm that Dr. Grajales-Reyes' misconduct did not involve any federal grant funds. Although no federal funds were affected, the University contacted the National Institutes of Health (NIH) to disclose the matter. In addition, with Dr. Grajales-Reyes's departure the University terminated the NIH grant on which he was a principal investigator because the work on that project could not continue in his absence, resulting in the relinquishment of $87,545 in grant funding.


The Office of Compliance and Internal Audit

Working at Washington University carries the responsibility and privilege of supporting world-class research aimed at improving lives and advancing humanity. Although not quantifiable, one of the most damaging impacts of Dr. Grajales-Reyes' fraud was his betrayal of the trust of his colleagues and the broader research community. Many personnel expressed deep disappointment and genuine grief that a fellow researcher would misuse funds for personal benefit, compromising work meant to drive scientific discovery and improve public health.

We appreciate the Court's consideration of these impacts.

Respectfully,

*Kathy Gaytan*

**Kathy Gaytan, MBA, CPA, CISA**
Executive Director of Compliance & Audit