UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| GARY GRAJALES-REYES, | ) NO. 4:25 CR 00451 HEA ) ) |
| Defendant. | ) ) |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO THE PRESENTENCE INVESTIGATION REPORT**

Comes now the United States of America, by and through Thomas C. Albus, United States Attorney for the Eastern District of Missouri, and Hal Goldsmith, Assistant United States Attorney for said District and, for its Response to Defendant's Objection to the Presentence Investigation Report (ECF 31), states to this Honorable Court as follows:

1. Despite having stolen more than $400,000 in research funds from the Washington University School of Medicine's Department of Pathology and Immunity, and causing the Department to forfeit an additional approximately $88,000 in important NIH funding, Defendant's objection to the Presentence Investigation Report ("PSR") argues that such facts purportedly do not rise to the level of having caused substantial financial hardship to the Department, it's patients, and it's research efforts. Defendant's argument, premised on the fact that Washington University, *as an institution*, has a substantial endowment, ignores the fact that the substantial losses of research funding here *directly impacted* Defendant's Department and his Research Laboratory.

2. As this Court knows, the list of factors identified under U.S.S.G. Section 2B1.1,

1

Application Note 4(F), as cross referenced in Section 4C1.1(b)(3), as to the definition of "substantial financial hardship" is non-exhaustive. In determining whether Defendant's fraud caused substantial financial hardship to Defendant's Department, his Research Laboratory, and the Department's patients, this Court's discretion is substantial, and subject to the same standard of abuse of discretion upon review as any of its findings relative to this Defendant's sentencing.

3. The United States refers this Court to Exhibit 1 to its previously filed Sentencing Memorandum (ECF 24-1), where Dr. Huang, Chair of the Department of Pathology & Immunity, stated:

> "The discovery, investigation, and aftermath of Dr. Gr. Grajales-Reyes' misconduct created an enormous disruption to the operations of the Department and the work of its employees, diverting time and resources during one of the busiest times of the year. Dr. Grajales-Reyes' fraud affected the finances and operations of the Department's research and education efforts, especially in the Division of Immunobiology."

Dr. Huang also pointed out that, "Since the revelation of Dr. Grajales-Reyes' crimes, the Department has fielded many calls from the community, including academic and business leaders *as well as philanthropic supporters*, who expressed concerns about the matter." (emphasis added). As Executive Director of Compliance & Audit, Kathy Gaytan stated in Exhibit 2 to the Government's previously filed Sentencing Memorandum (ECF 24-2):

> "…he embezzled more than $400,000 of University research funds, which resulted in significant financial harm and compelled the University to dedicate substantial time and resources to investigating his misconduct. For example, the Office of Compliance and Internal Audit alone was required to devote more than 500 hours to investigate, reconstruct, validate, and document the full extent of his misconduct and the resulting financial loss. This work diverted attention away from regularly scheduled work and delayed risk-focused projects planned for other high-priority areas. The operational burden was significant and extended well beyond the immediate financial impact."

> "…the University contacted the National Institutes of Health (NIH) to disclose the matter. In addition, with Dr. Grajales-Reyes' departure the University terminated the NIH grant on which he was a principal investigator because the work on that project could not continue in his absence, resulting in the relinquishment of $87,545 in grant

funding."

This Court can consider these statements in determining whether Defendant's criminal conduct caused substantial financial harm to Defendant's Department, his Research Laboratory, and its patients. These Statements provide concrete examples of the specific and substantial financial harm Defendant's fraud caused, as well as the hundreds and hundreds of hours of work by numerous employees of various Departments and Divisions spent in discovering and documenting the full extent of Defendant's fraud. Clearly, the loss of approximately $500,000 to Defendant's Department, his Research Laboratory and its patients caused substantial harm in more ways than one can imagine.

4. Further, and perhaps just as significant for the victim Department and its patients going forward, it depends upon research grants and philanthropy to continue to provide the necessary and much needed services to its patients. As Dr. Huang pointed out, Defendant's criminal conduct "…damaged the reputation of the Department and its programs….and the Department has fielded many calls from the community, including academic and business leaders as well as philanthropic supporters, who expressed concerns about the matter."

WHEREFORE, the United States of America prays that this Honorable Court overrule and deny Defendant's Objection to the PSR, and sentence defendant to a term of imprisonment within the advisory sentencing guidelines set forth in the PSR as appropriate under the facts and

circumstances presented here, and for such other relief as this Court deems appropriate and just under the circumstances.

          Respectfully submitted,

          THOMAS C. ALBUS
          United States Attorney

          *s/Hal Goldsmith*
          HAL GOLDSMITH #32984
          Assistant United States Attorney
          111 S. 10th Street, Room 20.331
          St. Louis, Missouri 63102
          (314) 539-2200

## CERTIFICATE OF SERVICE

      I hereby certify that on December 3, 2025, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the counsel for defendant.

          /s/ Hal Goldsmith
          HAL GOLDSMITH
          Assistant United States Attorney